FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01046-MSK-BNB

UFCW LOCAL 880-RETAIL FOOD EMPLOYERS JOINT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,

       Plaintiff,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

       Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01100-MSK-CBS

JOHN S. CHAPMAN, individually and on behalf of all other similarly situated,

       Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

       Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01141-MSK-BNB

ZOE MYERSON, Individually and On Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

    Defendants.
_____

### OPINION AND ORDER DENYING MOTION TO STAY AND MOTION TO INTERVENE
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Unopposed Motion to Stay This Action **(# 50)**; and the Motion to Intervene **(# 51)**, filed by Gideon Minerals, Inc.[1]

Turning first to the Motion to Stay, the parties state that they have reached a settlement in principle, and expect to present a formal stipulation of settlement to the Court by October 2, 2006. The parties request that the Court stay this action and pending the filing of that stipulation. The Court notes that there are no scheduled hearings set in this case, nor are there any outstanding deadlines, save those that may result from the pendency of certain motions. There being no scheduled hearings or deadlines, there is nothing to stay, and to that extent, the Motion to Stay is denied. However, to relieve the parties from any obligations that may arise as a result

---

[1] The Court's docket indicates that there are several additional pending motions: the Defendants' Unopposed Motion to Postpone Deadlines **(# 27)**, the parties' Joint Motion to Vacate Hearings **(# 28)**; and the Defendants' Motion to Dismiss **(# 43)**. For the reasons stated herein, these motions will be denied without prejudice.

of the pending motions, the Court will deny those motions, without prejudice to refiling if a settlement is not achieved. The Court will set a deadline of October 9, 2006 for the filing of a stipulation of settlement and related papers.

Turning to the Motion to Intervene, the proposed Intervenor states that its interest in this case arises from its assertion that it owns certain mines in Indonesia, and that its "ownership of those mines is being and has been attacked" by the Defendants. *Docket* # 51 at 2. The proposed Intervenor states that it possesses an interest in the outcome of this litigation because "any judgment would have the impact of either impliedly or directly" adjudicating the ownership of the mines. *Id.* at 3. The Court has reviewed the Consolidated Class Action Complaint **(# 35)**, and finds nothing in it that raises, directly or indirectly, a question as to the ownership of the mines. Although the mines the proposed Intervenor claims an interest in are the primary locus of the events alleged in this action, the focus of the action is on allegedly false statements made by the Defendants as to the quantity and quality of the output of the mines. Nothing in the Consolidated Class Action Complaint challenges whether Defendant Newmont Mining, Inc.'s claim of title to the mines is valid or not. Consequently, it does not appear that the factfinder in this case will be called upon to adjudicate, directly or indirectly, the true owner of the mines. Thus, there is no risk that the proposed Intervenor's claim of title to the mines will be affected by the outcome of this case. Accordingly, the Motion to Intervene is denied.

For the foregoing reasons, the Defendants Unopposed Motion to Postpone Deadlines **(#27)**, the parties' Joint Motion to Vacate Hearings **(# 28)**; and the Defendants' Motion to Dismiss **(# 43)** are **DENIED** without prejudice to refiling should a final settlement not be reached. The Plaintiffs' Unopposed Motion to Stay **(# 50)** is **DENIED**, insofar as there are no pending

deadlines or hearings for a stay to act upon.  The parties shall file a stipulation of settlement and related documents on or before October 9, 2006.  Gideon Minerals, Inc.'s Motion to Intervene (**# 51**) is **DENIED**.

Dated this 1st day of September, 2006

                                      **BY THE COURT:**

                                      *Marcia S. Krieger*
                                      _____

                                      Marcia S. Krieger
                                      United States District Judge