FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01046-MSK-BNB

UFCW LOCAL 880-RETAIL FOOD EMPLOYERS JOINT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,

    Plaintiff,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

    Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01100-MSK-CBS

JOHN S. CHAPMAN, individually and on behalf of all other similarly situated,

    Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

    Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01141-MSK-BNB

ZOE MYERSON, Individually and On Behalf of All Others Similarly Situated,

 Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

 Defendants.
_____

**OPINION AND ORDER DENYING AMENDED MOTION TO INTERVENE
AND DIRECTING COUNSEL TO SHOW CAUSE
WHY SANCTIONS SHOULD NOT BE IMPOSED**
_____

 **THIS MATTER** comes before the Court pursuant to putative Intervenor Gideon Minerals U.S.A., Inc.'s ("Gideon") Amended Motion to Intervene **(# 58)**, the Defendants' response **(# 65)**, the Plaintiffs' response **(# 68)**, Gideon's reply **(# 70)**; as well as several additional filings by Gideon that the Court will address *infra*.

 This is a securities fraud case in which the Plaintiffs, various shareholders of Defendant Newmont Mining Corp., allege that the Defendants made various false statements as to the quantity and quality of the output of its mines. During the pendency of the action, Gideon moved to intervene **(# 51)**, claiming that the outcome of this case could bear on its ongoing dispute with Newmont Mining, Inc. over ownership of certain mines in Indonesia – mines whose output are among those alleged by the Plaintiff to have been fraudulently stated. By Order **(# 55)** dated September 1, 2006, this Court denied Gideon's motion to intervene, finding that nothing in the

2

adjudication of the securities fraud claims by the Plaintiffs against the Defendants would affect Gideon's rights in its dispute with Newmont Mining, Inc. over the ownership of the mines.

On October 3, 2006, Gideon filed the instant Amended Motion to Intervene **(# 58)**, arguing that its interests were implicated by the claims asserted by the Plaintiffs herein. Specifically, Gideon contends that the Defendants cannot cure any allegedly false statements to shareholders about the output of the mines because, Gideon contends, the Defendants have no claim to the output of the mines. Thus, Gideon argues, any settlement of this action "will continue to mislead this Court, the class action Plaintiffs, and the global financial markets regarding the Defendants' alleged rights" to the mines' output. The Court finds this argument to be no different than the simplified version previously raised by Gideon and rejected by the Court. Simply put, nothing in the resolution of the Plaintiffs' claims of securities fraud will affect, in any way, any claim by Gideon as to the ownership of the mines or their output. Accordingly, Gideon's Amended Motion to Intervene **(# 58)** is **DENIED.**

Despite the fact that its first Motion to Intervene had been denied by the Court and its Amended Motion to Intervene remained pending, Gideon nevertheless proceeded to file numerous documents in this action as if it were a duly participating party:

• On November 7, 2006, if filed a response **(# 74)** to the Plaintiffs' Unopposed Motion to Preliminarily Approve Proposed Class Action Settlement.

•On November 17, 2006, it filed a Motion for Entry of Default **(# 75)**.

• On November 28, 2006, if filed a Second Motion for Entry of Default **(# 76)**.

• On November 30, 2006, it filed a Third Motion for Entry of Default **(# 78)**.[1]

---

[1] All three motions for entry of default were denied by the Magistrate Judge by Order **(# 83)** dated March 5, 2007.

• On December 22, 2006, it filed a Request for Judicial Notice **(# 79)** of Gideon's intention to file additional administrative complaints against Newmont Mining, Inc.

• On January 5, 2007, it filed a "Notice and Request to Judge to Direct Clerk to Enter Default" **(# 81)**, and a supporting affidavit.

• On March 5, 2007, it filed an Objection **(# 84)** to the Magistrate Judge's Order denying its motions for entry of default.

• On March 8, 2007, it filed a "Notice of the Public Accounting Oversight Board . . . Securities Fraud Inquiry of Defendant Newmont Mining Co." **(# 89)**. Despite the representation in the caption, the attached document was actually a letter <u>from</u> Gideon's accountant to the Public Company Accounting Board.

• On March 8, 2007, it filed a "Supplement" **(# 92)** to its pending Objection. This "Supplement" contained reiterated argument, and did not purport to present any new material not previously available.[2]

Because Gideon had no standing to filed pleadings in this case, they are all **STRICKEN**.

The Court is concerned that, perhaps with the exception of Gideon's Objections to the Magistrate Judge's Order, none of these documents comply with the requirements of Fed. R. Civ. P. 11(b)(1) or (2). In particular:

1. All of the aforementioned documents were all filed at a time when Gideon's right to participate in this litigation in any capacity remained subject to approval by this Court. The Court is aware of no authority for the proposition that a party awaiting a ruling on a motion to intervene may nevertheless file papers in the action as if that right had been granted.

---

[2]The Court also notes that Gideon's counsel has demonstrated a repeated failure to comply with the Court's Electronic Case Filing Procedures. *See Docket* # 72, 85, 88, 91. In particular, the Court notes that on March 7, 2007, Gideon's counsel sought to file a Supplemental brief as a "Motion to Supplement Motion" **(# 86)**. According to the docket **(# 88)**, counsel was instructed that the tendered document was not a motion, and that it must be refiled as a Supplement/Amendment. Notwithstanding this instruction, on March 8, 2007, counsel refiled the Supplement as a "Supplemental Motion to Supplement" **(# 90)**. Once again, the docket clerk was required to advise counsel of the error **(# 91)**, and it was only on the third attempt that counsel correctly docketed the Supplement.

4

2. Several of the documents filed by Gideon would be irrelevant, even if had been granted the right to intervene. In particular, Docket # 79 and 89, which have no bearing on any procedural matter before the Court, appear to be filed solely for purposes of harassing Defendant Newmont Mining, in violation of Fed. R. Civ. P. 11(b)(1). In addition, what little substantive content there is in Docket # 81 is redundant of the Second Motion for Entry of Default **(# 76)**, and the remaining contents of that document are utterly meaningless, apparently intended to convey some form of threat to Newmont Mining. This, too, would constitute a violation of Rule 11(b)(1).

3. The Third Motion for Entry of Default **(# 78)** is substantively identical to Gideon's then-pending First Motion for Default **(# 75)**. The utter redundancy of an existing filing suggests that Gideon's purpose in filing this document was to harass and/or increase the cost of litigation in violation of Rule 11(b)(1). In a similar sense, Gideon's tendered "Supplement" **(# 92)** does not purport to raise new material that had arisen subsequent to the filing of the Objection, *see generally* Fed. R. Civ. P. 15(d) (describing purpose of supplemental pleadings), but rather, was used simply to reiterate and amplify arguments that had already been presented. Nothing in either the Federal Rules of Civil Procedure or this Court's Local Rules permit a party to submit "supplemental" briefing under these circumstances. Absent articulation of a proper legal basis for such supplementation, it would appear that such conduct violates Fed. R. Civ. P. 11(b)(2), and is presented for improper purposes of vexation and increased expense in violation of Fed. R. Civ. P. 11(b)(1).

Pursuant to Rule 11(c)(1)(B), the Court directs Gideon's counsel to **SHOW CAUSE**, in writing, within 14 days of the date of this Order, why counsel should not be sanctioned for the

violations listed above. In addition, Gideon's counsel is advised that if the Court finds that some or all of the identified conduct warrants sanctions, the Court intends to consider a monetary penalty assessed against Gideon's counsel, personally.

Dated this 30th day of March, 2007

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge