**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 05-cv-01046-MSK-BNB

UFCW LOCAL 880 – RETAIL FOOD EMPLOYERS JOINT PENSION FUND, On Behalf of Itself and All Others Similarly Situated,

    Plaintiff,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE,
BRUCE D. HANSEN,
DAVID H. FRANCISCO,
THOMAS L. ENOS,
RUSSELL BALL, and
ROBERT J. GALLAGHER,

    Defendants.

_____
_____

**consolidated with**
_____

Civil Action No. 05-cv-01100-MSK-CBS

JOHN S. CHAPMAN, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.
NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

    Defendants.

_____
_____

**consolidated with**
_____

1

Civil Action No. 05-cv-01141-MSK-BNB

ZOE MYERSON, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

    Defendants.
_____

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT, DIRECTING NOTICE, AND SCHEDULING HEARING DATE
_____

Whereas, the Court has received the Stipulation of Settlement **(# 67)** (the "Settlement Stipulation") that has been entered into by the Lead Plaintiff and the Defendants, and, whereas, the Court has reviewed the Settlement Stipulation and its attached exhibits, and, good cause appearing,

**IT IS HEREBY ORDERED** as follows:

For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Stipulation.

    1. <u>Preliminary approval of settlement and direction of notice</u>

The Court finds the parties' settlement, upon initial review, to appear to be fair, reasonable, and adequate to the Settlement Class. Accordingly, the Court preliminarily **APPROVES** the settlement, subject to further consideration at the Settlement Hearing.

The Court finds that the proposed form of Notice attached as Exhibit A-1 (the "Notice") to Docket # 66-2 complies with the requirements of Rule 23 of the Federal Rules of Civil

Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), and the requirements of due process.  That Notice is therefore **APPROVED**.

The Notice, together with the Proof of Claim and Release attached as Exhibit A-3 (the "Proof of Claim and Release") to Docket # 66-2, shall be sent by the Claims Adminstrator to all Members of the Settlement Class who can reasonably be identified, by first class mail, postage prepaid, no later than fourteen (14) days from the date of this order (the "Notice Date").  No later than seven days following the Notice Date, a summary form of notice in the form attached as Exhibit A-2 (the "Summary Notice") to Docket # 66-2, shall be published in the *Investor's Business Daily*, *The Wall Street Journal Europe*, *The Wall Street Journal Asia, The Australian Financial Review,* and *the National Post (Canada).*

Lead Plaintiff's Counsel shall make reasonable efforts to identify all Settlement Class Members, including beneficial owners whose Newmont securities were held by banks, brokerage firms, or other nominees.  Present and past transfer agents of Newmont and Defendants are ordered to provide reasonable assistance, to the extent permitted by law, to Lead Plaintiff's Counsel to enable them to identify Settlement Class Members, including providing names and addresses of all Persons that purchased Newmont securities during the Settlement Class Period, to the extent that such information is in the possession, custody or control of, or could be obtained through a reasonable effort by, Defendants.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that the mailing and publication pursuant to the requirements above constitute the best notice practicable under the circumstances and provide due and sufficient notice of the matters set forth in the Notice to all Persons entitled to such Notice.

No less than seven (7) days before the date scheduled by this Court for the Settlement Hearing, Lead Plaintiff's Counsel shall cause to be filed with the Clerk of the Court affidavits or declarations of the Person(s) under whose general direction the (i) mailing of the Notice and Proof of Claim and Release shall have been made and (ii) the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this order.

2. <u>Certification of class for settlement</u>

The Court finds, for purposes of the Settlement only, that the prerequisites to a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) the Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, this action is hereby **CERTIFIED** as a class action on behalf of all Persons who purchased publicly traded Newmont securities from November 1, 2003, through and including March 23, 2006, exclusive of Defendants, members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded Person.

Pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Lead Plaintiff is **CERTIFIED** as class representative. Subject to the terms of the Settlement Stipulation and direction of the Court, Lerach Coughlin Stoia Geller Rudman & Robbins LLP is hereby **APPOINTED** to act as Escrow Agent and the firm of Gilardi & Co. LLC is hereby **APPOINTED** as Claims Administrator to supervise and administer the Notice procedure as well as the proving of claims.

3. Request for exclusion from class

Any Member of the Settlement Class who wishes to be excluded from the Settlement Class must submit a Request for Exclusion no later than fourteen (14) days prior to the Settlement Hearing, in accordance with the Notice. All Persons who submit Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or the Judgment. The Claims Administrator shall provide copies of any and all Requests for Exclusion to Lead Plaintiff's Counsel and Defendants' counsel, at least seven (7) days before the Settlement Hearing.

4. Setting of Settlement Hearing

A Settlement Hearing will be held before the undersigned on **Tuesday, December 11, 2007** at **4:30 p.m.** at the United States Courthouse, 901 19th Street, Denver, Colorado, to determine (i) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and the Litigation therefore dismissed on the merits with prejudice and (ii) whether the Attorney Fee and Expense Application and the Lead Plaintiff Expense Application should be

approved. The Court may adjourn or continue the Settlement Hearing without further notice to Settlement Class Members.

Any Settlement Class Member who has not submitted a Request for Exclusion may appear at the Settlement Hearing and be heard in opposition to the fairness, reasonableness, and adequacy of the Settlement or the Settlement Stipulation, the Plan of Allocation, and/or the Attorney Fee and Expense Application and the Lead Plaintiff Expense Application; provided, however, that no later than fourteen (14) days prior to the Settlement Hearing, any such Person must file with the Court and deliver to Lead Plaintiff's Counsel and Defendants' counsel a written notice of objection to, and any brief opposing, the Settlement, the Settlement Stipulation, the Plan of Allocation, the Attorney Fee and Expense Application or the Lead Plaintiff Expense Application. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise. Any Person who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objection and shall be forever barred from raising such objection in this or any other action or proceeding.

Any Member of the Settlement Class who has not submitted a Request for Exclusion and who wishes to share in the proceeds of the Settlement shall submit a duly executed Proof of Claim and Release to the Claims Administrator in accordance with the Notice. Unless otherwise ordered by this Court, any Settlement Class Member who fails to submit a timely Proof of Claim and Release shall be barred from sharing in the distribution of the Net Settlement Fund, but will nevertheless be bound by the release contained therein, the Judgment, and any and all judgments or settlements in the Litigation entered or approved by the Court, whether favorable or unfavorable to the Settlement Class. Notwithstanding the foregoing, Lead Plaintiff's Counsel

may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

The Parties are hereby directed to file their briefs in support of the Settlement no later than seven (7) days before the Settlement Hearing. Lead Plaintiff's Counsel shall file any papers they wish to submit in support of the Attorney Fee and Expense Application and Lead Plaintiff Expense Application no later than seven (7) days before the Settlement Hearing.

5. Miscellaneous provisions

Pending the Settlement Hearing, Settlement Class Members are enjoined from bringing or asserting any claim or action that was or could have been asserted in the Litigation or arose out of the Released Claims.

Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any Related Party of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

Dated this 25th day of September, 2007

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge