FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01046-MSK-BNB

UFCW LOCAL 880-RETAIL FOOD EMPLOYERS JOINT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,

   Plaintiff,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

   Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01100-MSK-CBS

JOHN S. CHAPMAN, individually and on behalf of all other similarly situated,

   Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

   Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01141-MSK-BNB

ZOE MYERSON, Individually and On Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

    Defendants.

---

**OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION
AND APPOINTING SPECIAL MASTER**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Motion for Reconsideration **(# 163)**, which no party or class member has opposed. The Court has also considered the parties' and class members' various suggestions for appointment of a Special Master **(# 158, 168, 169)**.

The Plaintiffs seek reconsideration of a portion of the Court's oral Order of December 11, 2007 **(# 153)**, approving the parties' settlement. Specifically, the Plaintiffs request reconsideration of that part of the Court's Order that directed that the Plaintiffs begin disbursing a portion of the settlement fund, while withholding another amount pending disposition of the Plaintiffs' motion seeking attorney's fees. In their Motion for Reconsideration **(# 163)**, the Plaintiffs assert that potentially making two separate distributions of the settlement proceeds would pose undue administrative and financial burdens on the Claims Administrator. Moreover, the Plaintiffs explain that, on the schedule anticipated by the Court, the attorney's fee issue will likely be resolved before the claims administration process is complete, allowing all remaining

settlement funds to be disbursed in a single stage. The Court finds the Plaintiffs' explanations persuasive, and in the absence of any objections, the Court grants the Motion for Reconsideration, and vacates that portion of its oral Order of December 11, 2007 that directed an expedited distribution of a portion of the settlement proceeds. Barring further order of the Court, distribution of the settlement fund shall occur as deemed appropriate by the Claims Administrator, consistent with the terms of the settlement.

The Court has advised the parties and class members that it intends to appoint a Special Master to consider the Plaintiffs' Motion for Attorney Fees **(# 158)**. The parties were invited to submit names of candidates for appointment as Special Master. The Plaintiffs' Motion for Attorney Fees suggests the Hon. Bill Meyer, the retired judge who assisted the parties in mediating this action to conclusion. Class Member Natasha Engan suggests **(# 168)** Thomas Seawell, the Hon. Frederick Skillern, Sean Connolly, and Kevin Evans. Class Member Lawrence Schoenbrun suggests **(# 169)** George L. Priest. No other party or class member offered any other name.

Having reviewed all of the individuals proposed by the parties and class members, the Court has decided to appoint Thomas Seawell as Special Master. The Court has previously appointed Mr. Seawell as a Special Master in similar circumstances and finds his work to be thorough and incisive. The Court has verified that Mr. Seawell is available to perform as Special Master within the time frame contemplated by the Court, and pursuant to Fed. R. Civ. P. 53(b)(4), has ascertained that Mr. Seawell has no conflicts of interest that would require his disqualification from this case pursuant to 28 U.S.C. § 455.[1]

---

[1] Based upon Mr. Seawell's oral assertion of lack of issues warranting disqualification, the Court waives that portion of Rule 53(b)(3) that requires an affidavit to that effect prior to entry of

Accordingly, pursuant to Fed. R. Civ. P. 53(a)(1), Thomas Seawell is hereby appointed as Special Master for the purpose of resolving the Plaintiff's Motion for Attorney Fees **(#158)**, Class Member Natasha Engan's Motion for Interim Award of Attorney Fees[2] **(# 166)**, and such other motions as the parties may file that may bear on requests for attorney fees. Pursuant to Fed. R. Civ. P. 53(c), the Special Master shall have the authority to hear and resolve collateral issues relating to the attorney fees motions, including requests for additional briefing, discovery, and such other matters as may be incident and necessary to permit him to consider the underlying fee requests.

The Court requests that the Special Master issue his final Report and Recommendation, if practicable,[3] within 90 days of the date of this Order. The parties may file Objections to the final Report and Recommendation as set forth in Fed. R. Civ. P. 53(g)(2).

---

this Order. Mr. Seawell shall file the affidavit contemplated by that Rule as soon as practicable.

[2]The Court denies Ms. Engan's motion to the extent it seeks attorney fees as a result of the Plaintiffs reducing their requested fees from $5 million to $3 million. Although the Court agrees that attorney fees may be awarded to objectors whose objections result in meaningful benefit to the settlement class, *see Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994), the Court finds that Ms. Engan has failed to make an adequate showing that her objections resulted in such a benefit. The "benefit" that Ms. Engan claims credit for is the Plaintiffs' agreement to reduce their claim for attorney fees. (The Court's procedural rulings requiring that the Plaintiffs formally move for fees as required by Fed. R. Civ. P. 23(h)(1) and directing the selection of a Special Master cannot be said to confer any material benefits on the class.) Ms. Engan admits that "lead class plaintiffs attributed this arbitrary reduction to informal objections made by other class members," but implies that "the impact of Ms. Engan's objections" was the true cause. The Court merely observes that there is no significant proof in the record that Ms. Engan's objections as compared to any others were the specific cause of the Plaintiffs' decision to seek a lesser fee award. Thus, in this respect, Ms. Engan's motion is denied.

To the extent that Ms. Engan's future efforts in opposing the Plaintiffs' fee application confers a meaningful benefit on the class, an appropriate motion can be considered by the Special Master.

[3]If Mr. Seawell is unable to complete his Report and Recommendation within 90 days, the Court requests that he supply an interim status report to the parties and the Court at that time, and updates as to the status of the matter every 30 days thereafter.

Pursuant to Fed. R. Civ. P. 53(b)(2), absent specific order of the Court, the Special Master is not authorized to communicate *ex parte* with any party or with the Court.

Unless a party requests and the Court so directs, the Special Master is not required to preserve any documents or records regarding his activities, other than those reflecting his time and expenses for purposes of compensating him for his services.

The Special Master is authorized to set such time limits and procedures as may be necessary for the filing of motions and other material relevant to the issues before him, but all directives issued by him and any submission by any party to him shall also be filed with the District Court's CM/ECF system, which shall provide the public record for this phase of the case.

Mr. Seawell shall be compensated from the settlement fund prior to distribution to claimants. He will be compensated at his regular hourly rate, plus any expenses necessarily incurred, for all services performed as a result of this appointment. A final accounting of his services shall accompany his Report and Recommendation, and any objections by any party to Mr. Seawell's fees shall be made at the same time as objections to the final Report and Recommendation.

Accordingly, the Plaintiffs' Motion for Reconsideration **(# 163)** is **GRANTED**, in that portion of the Court's oral Order of December 11, 2007 directing a two-stage disbursement of settlement proceeds is **VACATED**, as set forth herein. Pursuant to Fed. R. Civ. P. 53, the Court appoints Thomas Seawell as Special Master to consider the parties' various requests with regard to attorney fees, on the terms set forth herein. The Clerk of the Court shall add Mr.

Seawell to the docket of this case[4] and ensure that he is electronically notified of any future filings in this action.

Dated this 9th day of January, 2008

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge

---

[4]Mr. Seawell's mailing address is 1125 17th St., Suite 2100, Denver, Colorado 80202. His phone number is 303-446-8686. If he is not currently registered with the CM/ECF system, the Clerk of the Court shall contact him directly to facilitate his registration.