# BUSINESS | LITIGATION | ASSOCIATES PC

IRWIN B. SCHWARTZ
ischwartz@business-litigation-associates.com

September 24, 2008

By ECF

Honorable Judge Marcia S. Krieger
United State District Court
District of Colorado
901 19th Street, Courtroom A901
Denver, Colorado 80294

    Re: <u>UFCW Local 880 v. Newmont Mining Corp. et al</u>,
       Civil Action No. 05-01046 (D. Colo.)

Dear Judge Krieger:

    Objectors Natasha L. Engan and the National Automatic Sprinkler Industry Pension Fund ("NASI") through counsel respectfully submit this letter in support of (i) their application for attorneys fees submitted on August 27, 2008 and (ii) the Report of Special Master Concerning Contempt Sanctions dated August 22, 2008 (the "Contempt Report").

    First, with respect to our fee application (Docket No. 225), Ms. Engan and NASI respectfully note that neither class plaintiffs nor any other class member objected. The Special Master and the Court may consider the lack of objection to Ms. Engan's and NASI's fee request in approving the requested amounts as being fair and reasonable for the benefit we conferred upon the class. <u>In re Prudential Sec. Ltd. P'ships Litig.</u>, 985 F. Supp. 410, 416 (S.D.N.Y. 1997)("numerous courts" so hold); <u>Ressler v. Jacobson</u>, 149 F.R.D. 651, 656 (M.D. Fla. 1992)(lack of objections is "strong evidence of the propriety and acceptability" of fee request).

    Second, Ms. Engan and NASI do not agree with Class Counsel's objections to the Contempt Report that the Special Master was at fault for the "mistaken conclusion" that the "dozens" of interviews claimed in various aspects of Class Counsel's fee application were actually performed by private investigators instead of one or more undefined members of Class Counsel's 44 timekeepers. Indeed, nothing in the record before the Special Master established "dozens" of interviews and the submitted invoices identify only 14 interviews conducted by two private investigators over a maximum of 17.75 hours. A spreadsheet showing these entries is attached herewith. More importantly, Class Counsel has never explained how these 14 interviews contributed to the 1,157 hours claimed in the Class Counsel's lodestar representations, which representation is the crux of the Contempt Report. Special Master Seawell was justified in taking at face value Class Counsel's explicit representations that they conducted witness interviews, as did we in our analysis of Class Counsel's fee application.

                                  Very truly yours,

                                  Irwin B. Schwartz

cc:   All counsel (via ECF)

Hon. Marcia S. Krieger
September 24, 2008
Page 2

cc (cont.):
    Sanford Ress (via U.S. Mail)
    Clifford Whitehill (via U.S. Mail)
    Lawrence Schonbrun (via e-mail)

**Time Entries Containing Interviews in Exhibit 2 of Resp. to Aug. 6 Report**

| Pg. of Docket #221-3 | Date of Entry | Investigator | # of Interviews | Hours of Entry | Whole Entry/ Part of Entry |
|---|---|---|---|---|---|
| 3 | 12/4/2005 | Terry Franklin | 1 | 4 | Part |
| 5 | 4/3/2006 | Terry Franklin | 1 | 2 | Part |
| 5 | 4/4/2006 | Terry Franklin | 3 | 3 | Whole |
| 5 | 4/6/2006 | Terry Franklin | 1 | 1 | Part |
| 5 | 4/11/2006 | Terry Franklin | 1 | 1 | Whole |
| 15 | 4/4/2006 | Soundview Intelligence LLC | 1 | 1.5 | Part |
| 15 | 4/10/2006 | Soundview Intelligence LLC | 1 | 1 | Part |
| 27 | 11/30/2005 | Soundview Intelligence LLC | 1 | 0.5 | Whole |
| 27 | 12/2/2005 | Soundview Intelligence LLC | 1 | 0.25 | Whole |
| 27 | 12/6/2005 | Soundview Intelligence LLC | 1 | 1.25 | Part |
| 27 | 12/7/2005 | Soundview Intelligence LLC | 1 | 1 | Whole |
| 27 | 12/8/2005 | Soundview Intelligence LLC | 1 | 1.25 | Part |
| | | **Totals** | **14** | **17.75** | |