FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01046-MSK-BNB

UFCW LOCAL 880-RETAIL FOOD EMPLOYERS JOINT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,

       Plaintiff,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

       Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01100-MSK-CBS

JOHN S. CHAPMAN, individually and on behalf of all other similarly situated,

       Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

       Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01141-MSK-BNB

ZOE MYERSON, Individually and On Behalf of All Others Similarly Situated,

        Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

        Defendants.
_____

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND APPROVING SPECIAL MASTER'S INVOICE**
_____

**THIS MATTER** comes before the Court pursuant to the Final Invoice **(# 247)** submitted by the Special Master in this case, to which no party has filed objections; and the Defendants' Motion for Attorney's Fees **(# 250)** as directed by the 10th Circuit in *U.F.C.W. Local 880 v. Newmont Mining*, 261 Fed.Appx. 105, 110 (10th Cir. 2008) (unpublished), Proposed Intervenors Gideon Minerals U.S.A., Inc., PT Lebong Tandai, PT Pukuafu Indah, and PT Tanjung Sera Pung's (collectively, "Gideon") response **(# 252)**, and the Defendants' reply **(# 259)**.

With regard to the Special Master's Invoice, there being no objection by any party to the amount billed, the Court **APPROVES** the Invoice as submitted. Pursuant to Paragraph 5 of the Final Order and Judgment **(# 246)**, the Claims Administrator shall make payment on that Invoice immediately.

With regard to the Defendants' Motion for Attorney's Fees, the 10th Circuit awarded "just damages, double costs, and attorney's fees" to be awarded to the Defendants and against Gideon based on Gideon's pursuit of a frivolous appeal. The Defendants seek $ 54,794.75 in attorney's

fees from Gideon based on that award.[1] Gideon's response to the Defendants' motion does not dispute the reasonableness of the hourly rates requested by the Defendants, nor does Gideon dispute the reasonableness of the Defendants' claimed hours. Rather, the entirety of Gideon's response consists of contentions that, contrary to the 10th Circuit's findings, Gideon's positions on appeal were taken in good faith and thus, this Court should "give us some consideration in regard to these good faith efforts, and if the Court is inclined to award costs and attorney's fees, that they be minimal." This Court is bound by the 10th Circuit's conclusion that Gideon's appeal was frivolous, and thus, does not independently consider whether the positions taken therein were in good faith. Gideon having lodged no substantive objection to the rates and hours sought by the Defendants' motion, the Court applies the Supreme Court's familiar lodestar analysis to determine the appropriate fees to award to the Defendants. *See generally Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002) *and cases cited therein*. Applying that analysis, the Court concludes that the rates and hours requested by the Defendants are reasonable, and that no other adjustments to the lodestar are necessary. Accordingly, the Defendants' Motion for Attorney's Fees **(# 250)** is **GRANTED**. Pursuant to the 10th Circuit's order, Gideon shall pay the Defendants the sum of $ 54,794.75, representing the attorney's fees incurred in defense of Gideon's appeal. Payment of this sum shall be made within 30 days of the date of this Order,

---

[1] The Defendants' Motion makes no mention of "damages" being sought, nor identifies any "costs" subject to doubling under the 10th Circuit's order. Thus, this Court focuses solely on the Defendants' request for attorney's fees incurred in defending the appeal.

barring which, the Defendants may apply to the Court for entry of an interest-bearing Judgment in their favor against Gideon in this amount.

Dated this 6th day of January, 2009.

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge