FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01046-MSK-BNB

UFCW LOCAL 880-RETAIL FOOD EMPLOYERS JOINT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,

       Plaintiff,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

       Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01100-MSK-CBS

JOHN S. CHAPMAN, individually and on behalf of all other similarly situated,

       Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

       Defendants.
_____

**consolidated with**
_____

Case No. 05-cv-01141-MSK-BNB

ZOE MYERSON, Individually and On Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEWMONT MINING CORP.,
WAYNE W. MURDY,
PIERRE LASSONDE, and
BRUCE D. HANSEN,

      Defendants.
_____

### ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Entry of Judgment **(# 262)** against putative Intervenors Gideon Minerals USA, Inc., PT Lebong Tandai, PT Pukuafu Indah, and PT Tanjung Sera Pung (collectively, "Gideon") and Gideon's counsel, and Gideon's response **(# 263)**; and the Defendants' Renewed Motion for Entry of Judgment **(#266)** against Gideon.[1]

By Order dated January 6, 2009 **(# 260)**, the Court awarded sanctions to the Defendant and against Gideon in the amount of $ 53,794.75, and directed that they be paid within 30 days. Gideon apparently did not comply with this Order, and thus, through the instant motions, Defendants now request that the Court reduce that sum to a judgment against both Gideon and its counsel. Gideon's response includes frivolous assertions that the amounts awarded as sanctions should be deemed to "set off" amounts that Gideon has claimed against the Defendants in

---

[1] Pursuant to D.C. Colo. L. Civ. R. 7.1(C), the fact that the time for Gideon to respond to the renewed motion has yet to run does not preclude the Court from ruling on the motion. The Court believes that it is fully appraised of Gideon's position on the renewed motion based on Gideon's response to the initial motion.

litigation in other courts,[2] and an argument that because the Court's Order awarding sanctions imposed those sanctions only against Gideon, a judgment that makes Gideon's counsel jointly liable for payment would be inappropriate.

In light of Gideon's failure to comply with the January 6, 2009 Order directing that it pay the sanctioned amount within 30 days, it is appropriate for the Court to now reduce that sum to judgment in favor of the Defendant. However, the Court agrees with Gideon that any such judgment should not be entered jointly and severally against their counsel. Gideon is correct that the January 6, 2009 Order imposes the sanctions only against Gideon, not its counsel. The Court further notes that the Defendants' motion **(# 250)**, requesting imposition of the sanctions, also requested only that "Gideon," not counsel, be ordered to pay the requested sanctions. Admittedly, the 10th Circuit's ruling directing the imposition of sanctions, *UFCW Local 880 v. Newmont Mining Corp.*, 261 Fed.Appx. 105, 109-10 (10th Cir. 2008) (unpublished), did so pursuant to, among other things, 28 U.S.C. § 1927. That statute provides that "[a]ny attorney" engaging in vexatious conduct "may be required by the court to satisfy personally the excess costs" caused by such behavior. *Id.* Thus, one might argue that both the Defendants' motion and this Court's January 6, 2009 Order mistakenly directed the sanctions against Gideon, rather than its counsel, particularly where it is apparent that counsel bears the majority of fault for Gideon's repeated, frivolous filings. Nevertheless, the Court's Order clearly directs the sanctions against Gideon, not counsel, and thus, Gideon, not counsel, shall be the subject of any

---

[2]The Defendants' renewed motion indicates that the suit commenced by Gideon in another jurisdiction has been dismissed and that, sanctions were imposed against Gideon by that court.

judgment arising from those sanctions.[3]

Accordingly, the Defendants' Motions **(# 262, 266)** are **GRANTED**.  Judgment against Gideon in the amount of $ 53,794.75 shall enter contemporaneously with this Order.

Dated this 16th day of December, 2009.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[3]This Court expresses no opinion as to whether Gideon, in turn, may seek reimbursement of the amount of sanctions paid from its counsel.